

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 03 '00

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS   JAMES W. McCORMACK, CLERK
WESTERN DIVISION          By:_____
                                                        DEP CLERK

ROYAL SURPLUS LINES INSURANCE COMPANY                              PLAINTIFF

VS.                          NO. 4:00CV00001 JWC

MARK BEASLEY, INDIVIDUALLY AND AS ADMINISTRATOR
OF THE ESTATE OF LOGAN REED BEASLEY, DECEASED;
MARK BEASLEY, INDIVIDUALLY AND MARY THOMPSON,
INDIVIDUALLY, AND AS CO-ADMINISTRATORS OF THE
ESTATE OF ANDREA MARIE BEASLEY, DECEASED;
COLLIE EVERETTE BERRY, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF LANA JO BERRY,
DECEASED, KYLE A. BERRY; GARY LEDIN; DIANE LEDIN;
ODESSA LANGSTON, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF VERNON LEE
JOHNSON, DECEASED; ERIKA JOHNSON; VERNON
LEE JOHNSON, JR.; MARGIE JOHNSON POWELL;           THIS CASE ASSIGNED TO
CAROLYN JOHNSON; CHARLES E. JOHNSON;                MAGISTRATE JUDGE _____
SUHUMETRIA CLEVELAND; AUDREY FAYE RICE,
IONA C. HALL; WILLIS H. JOHNSON; EDDA ROBINSON;
LOUISE DAVIS; THE ESTATE OF MARY ELAINE MCGEE,
DECEASED  LAURA L. TODD, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATES OF RONALD TODD,
THOMAS TODD, AND EMILY TODD, DECEASED;
ALICIA TODD; JAMES EDWARD DOUGLAS MCGUIRK,
INDIVIDUALLY AND AS ADMINISTRATOR OF
THE ESTATE OF MELANIE NUNNERY MCGUIRK,
DECEASED  MARTIN PATTON, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATES OF FLOYE PATTON,
JAMES L. PATTON, AND JENNIFER PATTON, DECEASED;
MARY ANN CURRY, AS GUARDIAN AND NEXT FRIEND OF
JAMES F. PATTON, A MINOR; ROBERT JOSEPH POWERS,
INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF
THE ESTATE OF DANNA LYNNE POWERS, DECEASED,
AND AS PARENT AND NEXT FRIEND OF MADELINE ROSE
POWERS, A MINOR; AND ZEBULON POWERS, A MINOR                       DEFENDANTS

## COMPLAINT IN INTERPLEADER

Plaintiff, Royal Surplus Lines Insurance Company ("Royal Surplus Lines"), for its complaint in interpleader, states:

1. Plaintiff Royal Surplus Lines is a foreign insurance company which is authorized and doing business in the State of Arkansas.

2. Defendant Mark Beasley is a resident of Dyersburg, Tennessee, and is the administrator of the estate of Logan Reed Beasley, deceased, and co-administrator of the estate of Andrea Marie Beasley, deceased, by orders of the Dyer County, Tennessee, Probate Court, Case Nos. 99P60 and 99P61, dated June 29, 1999.

3. Defendant Mary Thompson is a resident of Friendship, Tennessee, and is the co-administrator of the estate of Andrea Marie Beasley, deceased, by order of the Dyer County, Tennessee, Probate Court, Case No. 99P61, dated June 29, 1999.

4. Defendant Collie Everette Berry is a resident of Dyersburg, Tennessee, and is the executor of the estate of Lana Jo Berry, deceased, by order of the Dyer County, Tennessee, Probate Court, Case No. 99P51, dated May 19, 1999.

5. Defendant Kyle A. Berry is a resident of Dyersburg, Tennessee, and is the son of Lana Jo Berry, deceased.

6. Defendant Gary Ledin is a resident of Oakdale, California.

7. Defendant Diane Ledin is a resident of Oakdale, California.

8. Defendant Odessa Taylor Langston is a resident of Memphis, Tennessee, and is the personal representative of the estate of Vernon Lee Johnson, deceased, by order of the Shelby County, Tennessee, Probate Court, Case No. C23, dated May 4, 1999.

9. Defendant Erika Johnson is a resident of Memphis, Tennessee, and is the daughter of Vernon Lee Johnson, deceased.

10. Defendant Vernon Lee Johnson, Jr. is a resident of Memphis, Tennessee, and is the son of Vernon Lee Johnson, deceased.

11. Defendant Margie Johnson Powell is a resident of Chicago, Illinois, and is the sister of Vernon Lee Johnson, deceased.

12. Defendant Carolyn A. Johnson is a resident of Memphis, Tennessee, and is the sister of Vernon Lee Johnson, deceased.

13. Defendant Charles E. Johnson is a resident of Chicago, Illinois, and is the brother of Vernon Lee Johnson, deceased.

14. Defendant Suhumetria Cleveland is a resident of Mount Morris, Michigan, and is the sister of Vernon Lee Johnson, deceased.

15. Defendant Audrey Faye Rice is a resident of Flint Township, Michigan, and is the sister of Vernon Lee Johnson, deceased.

16. Defendant Iona C. Hall is a resident of Memphis, Tennessee, and is the sister of Vernon Lee Johnson, deceased.

17. Defendant Willis H. Johnson is a resident of Houston, Texas, and is the brother of Vernon Lee Johnson, deceased.

18. Defendant Edda Robinson is a resident of Grand Blanc, Michigan, and is the half-sister of Vernon Lee Johnson, deceased.

19. Defendant Louise Davis is a resident of West Helena, Arkansas, and is the half-sister of Vernon Lee Johnson, deceased.

20. Defendant estate of Mary Elaine McGee, deceased, has not yet had a personal representative appointed, but the estate is represented by Richard B. Fields, 266 S. Front Suite 214, Memphis, Tennessee 38103.

21. Laura Todd is a resident of Benton, Louisiana, and is the administrator of the estates of Ronald Todd, Thomas Todd and Emily Todd, all deceased, by orders of the Garland County, Arkansas, Probate Court, Case Nos. P-99-417, P-99-415 and P-99414, dated July 27, 1999.

22. Alicia Todd is a resident of Shreveport, Caddo Parish, Louisiana and is the emancipated daughter of Ronald Todd, deceased.

23. James Edward Douglas McGuirk is a resident of Arkadelphia, Arkansas, and is the administrator of the estate of Melanie Nunnery McGuirk, deceased, by order of the Garland County, Arkansas, Probate Court, Case No. 99-416I, dated June 27, 1999.

24. Martin Patton is a resident of Russellville, Arkansas, and is the administrator of the estates of Floye Patton, Jennifer Patton and James L. Patton, all deceased, by orders of the Pope County, Arkansas, Probate Court, Case Nos. P-99-109, P-99-110, P-99-128, dated May 7, 1999 or June 22, 1999.

25. Mary Ann Curry is a resident of Oklahoma City, Oklahoma, and was named guardian and next friend of James F. Patton, a minor, by an order issued by the Pope County, Arkansas, Probate Court Clerk, Case No. P-99-108, dated September 15, 1999.

26. Robert Joseph Powers is a resident of Pulaski County, Arkansas, and is the special administrator of the estate of Danna Lynne Powers, deceased, by order of the

Pulaski County, Arkansas, Probate Court, Case No. PDE 99-693, and is parent and next friend of Madeline Rose Powers, a minor, and Zebulon Powers, a minor.

27. This Court has jurisdiction over the parties to and the subject matter of this interpleader action pursuant to 42 U.S.C. §1335. Venue is also proper in the Eastern District of Arkansas, Western Division.

28. On March 1, 1999, plaintiff Royal Surplus Lines issued a policy of commercial liability insurance to Land & Lake Duck Tours, Inc., which was identified as Policy No. KZB510952. A copy of that commercial liability insurance policy is attached to this complaint as Exhibit A.

29. Land & Lake Duck Tours, Inc. ("Land & Lake Duck Tours") is an Arkansas corporation with the principal place of business located in Hot Springs, Arkansas.

30. On or about May 1, 1999, the decedents whose personal representatives have been named as defendants, or the individual defendants, or decedents to whom individual defendants were related were passengers on an army surplus amphibious vehicle known as a "DUKW," which was owned and operated by Land & Lake Duck Tours. The DUKW, known as the MISS MAJESTIC, sank in Lake Hamilton near Hot Springs, Arkansas, approximately fifty yards from shore. Thirteen of the MISS MAJESTIC passengers died as a result, and the remaining eight passengers were injured although the exact nature and extent of their injuries is unknown to the plaintiff.

31. As a result of the sinking of MISS MAJESTIC, the various defendants in this action either claim or may claim that they sustained injuries and damages for which plaintiff Royal Surplus Lines' insured, Land & Lake Duck Tours, could be held liable and for which the policy may provide limited coverage.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# Exhibits Attached to Original Document in Court's Case File

32. The amount of the claims of the defendants exceeds $1,000,000.00. The applicable limit of plaintiff Royal Surplus Lines' liability under the policy is $1,000,000.00 less the amount which has already been paid in medical payments benefits (including funeral expenses) to various parties which amounts to a total of $45,456.80 leaving $954,543.20 in remaining policy limits. By reason of these claims and competing demands, plaintiff Royal Surplus Lines cannot determine which defendant or defendants are entitled to be paid or the amount to which they are entitled under the policy, and without the determination of this Court cannot pay any part of its coverage without danger of being held to have done so improperly or being compelled to pay additional amounts which would expose Royal Surplus Lines to double or multiple liability.

33. Pursuant to 42 U.S.C. §1335, plaintiff Royal Surplus Lines is entitled to interplead the proceeds from the policy into the Registry of this Court and have the Court adjudge who is entitled to recover these proceeds, as well as to have the Court discharge Royal Surplus Lines from all further duty or liability under the policy.

34. The filing of this action shall not be construed as an admission of liability by plaintiff Royal Surplus Lines or its insured Land & Land Duck Tours for any damages sustained by any of the named defendants, and liability to these defendants is expressly denied.

WHEREFORE, plaintiff Royal Surplus Lines Insurance Company asks that the Court enter an order of interpleader adjudging and directing:

1. That there are adverse and competing claims and that interpleader is appropriate to avoid exposure of the plaintiff to double or multiple liability;

2. That the defendants shall be required to interplead and establish their respective rights and claims to recover from the proceeds of the insurance policy deposited into the Registry of the Court;

3. That each of the defendants shall be restrained and enjoined from instituting or prosecuting any action in any state or United States court affecting the proceeds or benefits under the policy;

4. That the United States District Court Clerk shall accept from plaintiff a check in the amount of $954,543.20 representing the remaining proceeds of the policy which the Clerk shall deposit in an interest bearing account and not disburse to any party or parties to this interpleader action unless so ordered by the Court;

5. That the plaintiff be fully and completely discharged and released from any other or further duty or liability by virtue of the policy; and

6. That plaintiff be awarded its costs together with reasonable attorneys' fees, and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By _____
Gordon S. Rather, Jr. (#68054)
Claire Shows Hancock (#95013)
Attorneys for Plaintiff Royal Surplus Lines
Insurance Company